### Charles Jahnke v. William Hill.

1. HOMESTEAD—*Exempt from Sale under a Decree for Alimony.*— Where the lien given by the decree in divorce proceedings is the ordinary lien given for a money decree and not a specific lien, and the execution sale is like any ordinary execution sale, it is the duty of the sheriff to have the homestead set off pursuant to the statute.

**Forcible Entry and Detainer.**—Trial in the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Finding and decree for defendant. Appeal by plaintiff. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

M. C. McINTOSH and WHITNEY & UPTON, attorneys for appellant, contended that by the divorce, appellee became

divested of homestead and had no right of homestead when the levy and sale was made.   Bonnell v. Smith, 53 Ill. 375; Vanzant v. Vanzant, 23 Ill. 536.

William M. Butterworth and Edward C. Fitch, attorneys for appellee.

In an action of forcible entry and detainer, where plaintiff claims as purchaser under an execution sale, he must produce in evidence a valid judgment, execution, levy, sale and deed.   Johnson v. Baker, 38 Ill. 98; Kratz v. Buck, 111 Ill. 40; Kepley v. Luke, 106 Ill. 396.

The decree of divorce did not divest appellee of his homestead.  Chappell v. Spire, 106 Ill. 472;  Nicholas v. Spremont, 111 Ill. 632.

Mr. Justice Crabtree delivered the opinion of the court.

This was an action of forcible detainer brought by appellant against appellee, to obtain possession of premises situated in Barrington in said Lake county, and which appellee claims the right to hold as a homestead.   A jury was waived and the cause tried by the court; appellee was found not guilty and judgment entered accordingly, from which judgment appellant prosecutes this appeal.

Appellant claims under a sheriff's deed, which was based on a sale of the property in controversy under an execution against appellee.

There is no dispute as to the fact that appellee, together with his wife and children, occupied the premises as a homestead, and had done so for some fourteen or fifteen years, and until appellee's wife left him and went to Chicago, where she instituted proceedings to obtain a divorce, which resulted in a decree in her favor.

By the terms of the decree the custody of the children was awarded the mother, Elma L. Hill, and appellee was decreed to pay her $700 as alimony and $100 for solicitor's fees.   This decree was, by its terms, made a lien upon all the lands and tenements of appellee.

Notwithstanding the decree gave the custody of the chil-

dren to the mother, they remained with appellee at Barrington, except that two of them, for a short time only, visited with their mother in Chicago.

The alimony not having been paid, Mrs. Hill sued out an execution to Lake county, upon which the sheriff of that county made a levy on the property claimed as a homestead. After the levy and prior to any sale under the execution, appellee conveyed the property to Charlotte Strobach. Before that time he had been temporarily absent from the homestead property, but had left his furniture therein, in charge of a man employed for that purpose, and it appears from the evidence that appellee intended to return to the property and did in fact return and was in possession at the time the sheriff's deed was made to appellant.

Appellant became the purchaser at the sheriff's sale, and after the time of redemption expired obtained a deed and demanded possession, which was refused, and he then brought this suit. We are of the opinion that upon the evidence the court properly found appellee not guilty. The lien given by the decree in the divorce proceedings was the ordinary lien given for a money decree and not a specific lien. No reference is made in the decree to any homestead right, and it does not appear that the court intended to dispose of or settle any question concerning the right of homestead. The execution sale was like any other ordinary execution sale, and it was the duty of the sheriff in such case to have had the homestead set off pursuant to the statute.

The evidence fails to show any abandonment on the part of appellee. The deed to Mrs. Strobach did not affect appellee's rights so far as appellant is concerned. In other words, such deed could not inure to the benefit of appellant. An estate of homestead of one thousand dollars was in appellee, which appellant did not and could not purchase under the circumstances. We find no error in the action of the court on propositions of law. The judgment must be affirmed.